IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2090-BO

| | |
|---|---|
| CHARLES ALONZO TUNSTALL-BEY, )<br>Petitioner, )<br>)<br>v. )<br>)<br>BRYAN WELLS, )<br>Respondent. ) | **ORDER** |

On April 12, 2013, Charles Alonzo Tunstall-Bey ("Tunstall-Bey" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., D.E.1. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Id. The court may dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses the petition as untimely.

I.

On March 12, 1992, in Warren County Superior Court, Tunstall was found guilty after a jury trial of first degree murder and sentenced to a term of life imprisonment. Pet. 1–3 and 3 ("Additional Procedural History"), D.E. 1. Tunstall appealed the conviction and on August 9, 1993, the conviction was upheld. Id.; State v. Tunstall, 334 N.C. 320, 432 S.E.2d 331 (July 30, 1993). Tunstall filed his first MAR on April 24, 1997, which was denied after an evidentiary hearing on July 30, 1998. Id. Tunstall filed a writ of certiorari on December 23, 1999, which was denied on

March 2, 2000. State v. Tunstall, 543 S.E.2d 144 (March 2, 2000). Tunstall's second MAR was filed on November 4, 2005, and denied November 28, 2005. Id. According to Tunstall he also filed these motions:

- March 28, 2006, "Motion to Require the Prosecutor to Disclose Evidences [sic] Favorable to Defendant"
- March 30, 2006, Writ of Certiorari on the Motion for Evidence denied July 27, 2006
- November 8, 2006, Writ of Mandamus denied November 22, 2006
- July 27, 2011, "Uncaptioned Pleading Seeking Writ of Certiorari" denied August 12, 2011
- November 1, 2011, MAR (third) denied November 4, 2011
- November 23, 2011, Writ of Certiorari on third MAR denied December 7, 2011
- March 29, 2012 Motion Writ of Habeas Corpus filed in this district but later withdrawn on September 27, 2012

Id.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2554, 2556 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies post-conviction relief to a petitioner. See, e.g., Holland, 130 S. Ct. at 2556; Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). However, Tunstall conviction and direct appeal occurred prior to the April 24, 1996, effective date of AEDPA. Thus, petitioner had one year from April 24, 1996 or until April 24, 1997, to file his § 2254 petition if nothing which tolled the year limitation period was pending in state court. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). Tunstall filed his first MAR on April 24, 1997, which was denied after an evidentiary hearing on July 30, 1998. Id. Tunstall also filed a writ of certiorari on December 23,

1999, which was denied on March 2, 2000. However, Tunstall did not file a second MAR until November 4, 2005. Thus, the one year statute of limitations period expired at least by March 3, 2001. From March 2, 2000, until March 3, 2001, nothing was pending with the state court and thus nothing could act to toll the statute's running. Minter, 230 F.3d at 665. Tunstall's subsequent MARs and other postconviction filings did not reopen his time for filing a habeas petition. See id. Tunstall acknowledges that the statute has run but appears to assert equitable tolling. Thus, absent equitable tolling, this petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 130 S. Ct. at 2560–62. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 132 S. Ct. 64 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. The court has thoroughly reviewed all of Tunstall's filings and arguments and finds that he has failed to demonstrate diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition.

II.

In sum, the court DISMISSES petitioner's application for habeas corpus relief as time-barred [D.E. 1], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). Having so determined all other pending motions [D.E. 2, 4, 5, 6, and 8] are DENIED as MOOT. The clerk shall close this case.

SO ORDERED. This 14 day of November 2013.

*[signature]*
TERRENCE W. BOYLE
United States District Judge